1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SIDHU, | Case No.  1:19-cv-01020-BAK (EPG) |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | **Motions** *in limine*: July 25, 2022 |
| | **Response to motions** *in limine*: August 1, 2022 |
| STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | **Reply in support of motions** *in limine*: August 8, 2022 |
| Defendants. | **Hearing on motions** *in limine*: August 22, 2022, at 2:00 PM in Courtroom 10 (EPG) (telephonic appearance permitted) |
| | **Jury instructions, proposed verdict form:** August 8, 2022 |
| | **Agreed statement of case, stipulations to be read to the jury:** August 8, 2022 |
| | **List of discovery documents:** August 15, 2022 |
| | **Designation of deposition testimony:** August 1, 2022 |
| | **Counter-designation of deposition testimony:** August 8, 2022 |
| | **Lodge original deposition transcripts:** August 15, 2022 |
| | **Hearing on jury instructions, verdict form, outstanding pretrial issues:** August 22, 2022, at 2:00 PM in Courtroom 10 (EPG) (telephonic appearance permitted) |
| | **Jury Trial:** August 23, 2022, at 8:30 AM in Courtroom 10 (EPG) |

1

Plaintiff is a female dentist who works for the CDCR prison in Wasco, California. She started working for the CDCR in 2007 at the Wasco prison. Apart from a brief assignment at the Solano State Prison between 2015 and 2016, she has been assigned to the Wasco State prison. Dr. Hani Guirguis, defendant, was hired to serve as Plaintiff's supervisor in 2011. Plaintiff alleges that her direct supervisor, Dr. Guirguis, a male dentist, subjected her to adverse conditions based on her gender. Defendants deny this.

### I.   JURISDICTION AND VENUE

Both parties agree that jurisdiction is appropriate in this court under 28 U.S.C. 1343. This court has jurisdiction over all other claims under 28 U.S.C. §1367 and venue in this action is appropriate under 28 U.S.C. 1391(b).

### II.   JURY TRIAL

Plaintiff has invoked her right to a jury trial under the Seventh Amendment to the United States Constitution as to all triable issues. Defendants also request a jury trial.

### III.   UNDISPUTED FACTS

The following facts are uncontested by the parties.

     A.  Plaintiff began working for defendant in 2007.

     B.  Defendant Guirguis became Plaintiff's immediate supervisor in 2011.

     C.  Defendant CDCR is a public entity.

     D.  Defendant Guirguis at all times material hereto was a supervisor of Plaintiff.

### IV.   DISPUTED FACTUAL ISSUES

     A.  Whether Dr. Guirguis imposed a different requirement on Plaintiff from other staff he supervised to report her location to him and whether Plaintiff's gender was a substantial motivating factor in that decision?

     B.  Whether Plaintiff was improperly denied training by Dr. Guirguis and if so, whether Plaintiff's female gender was a substantial motivating factor in the decision by Dr. Guirguis?

2

C.  Whether Dr. Guirguis instituted a new x-ray procedure that was more cumbersome and applied it only to Plaintiff, and if so, whether Plaintiff's gender was a substantial motivating factor in that decision?

D.  Whether Dr. Guirguis improperly refused to allow Plaintiff to move to a different work location, and if so, whether Plaintiff's gender was a substantial motivating factor for that refusal?

E.  Whether Dr. Guirguis improperly refused to allow Plaintiff to move to a different work location, and if so, whether Plaintiff's complaints about discrimination was/were a substantial motivating factor in that refusal?

F.  Whether Dr. Guirguis improperly refused to allow Plaintiff to serve as acting supervisor and if so, whether Plaintiff's gender was a substantial motivating factor in that decision?

G.  Whether Plaintiff suffered damages as a result of any wrongful conduct of defendants?

H.  What are the extent of any damages suffered as a result of any wrongful conduct of defendants?

**V.    DISPUTED EVIDENTIARY ISSUES**

    **A.  PLAINTIFF**

None at this time.

    **B.  DEFENDANT**

None at this time.

**VI.    RELIEF SOUGHT**

Plaintiff requests compensatory damages, attorneys' fees, costs of suit, and any other relief to which she may be entitled.

**VII.    POINTS OF LAW**

    **A.  PLAINTIFF**

The position of Plaintiff in relation to the points of law were set forth in Plaintiff's opposition to motion for summary judgment.

**B. DEFENDANT**

Defendants' legal arguments were set forth in their motion for summary judgment.

**VIII.   <u>WITNESSES</u>**

    **A. PLAINTIFF**

Gurpreet Sidhu

Lisa Lewis

Kazi Rahman, M.D.

Robert Scott Davis, DDS

Hani Guirguis, DDS

Laljit Sidhu

Roberto Vasquez, DDS

Dr. Melissa Primus

Dr. Robert Seitz

Dr. Jae Jang

    **B. DEFENDANTS**

In addition to the witnesses identified by Plaintiff, Defendant identifies the following:

Frederic Faughn

David Hill, CEO

Nasr Mousa, DDS

Laura Wallace, Dental Assistant

Venus Fanous, DDS

Nam Hoang, DDS

Wadid Fattouch, DDS

Artie Rynders, DDS

Son Nguyen, DDS

Inas Michael, DDS

\\\

\\\

4

IX.   **EXHIBITS**

    **A.  Plaintiff**

        1. Email thread between Plaintiff and Dr. Guirguis between March 30, 2017 and April 3, 2017 (bate stamped SID 10- SID 11).

        2. Email thread between Plaintiff and Dr. Guirguis and others between September 11, 2017 and September 12, 2017 (Bate stamped SID 14- SID 18).

        3. Email thread between Plaintiff and Dr. Guirguis dated October 10, 2017 (bate stamped SID 12).

        4. Email thread between Lewis, Guirguis, and Plaintiff dated June 25, 2018 (bate stamped SID 71).

        5. Memo dated July 18, 2018 (bate stamped CDCR 1293).

        6. Employee contract grievance dated September 18, 2018 (bate stamped SID 109-111).

        7. October 1, 2018 memo regarding Sidhu complaint (bate stamped SID 153- SID 155).

        8. DFEH charge and intake related thereto dated February 22, 2018 (bate stamped CDCR 1621- CDCR 1626).

    **B.  Defendant**

        1. Email chain between Plaintiff and Dr. Guirguis dated March 3, 2017 (Ex. 9 to Defendants' MSJ).

        2.Dentist schedules at Wasco State Prison for September 5, 2017 (Ex. 10 to MSJ).

        3.Email exchange between Plaintiff and Dr. Guirguis, dated September 5, 2017 (Ex. 11 to MSJ).

        4.Email exchange between Plaintiff, Dr. Guirguis, and others dated September 11, 2017 (Ex. 12 to MSJ).

5. Email exchange between Plaintiff and Dr. Guirguis dated September 21-22, 2017 (Ex. 13 to MSJ).

6. Email exchange between Plaintiff, Dr. Guirguis, and others dated September 25, 2017 (Ex. 14 to MSJ).

7. Memorandum from Wasco CEO David Hill to Plaintiff dated October 1, 2018 (Ex. 15 to MSJ).

8. Plaintiff's Official Personnel/Supervisory Files.

9. Dr. Guirguis' Official Personnel/Supervisory Files.

10. DFEH Complaint Dated January 19, 2020.

11. July 16, 2018, Memo re Absence (SID 7).

12. July 6, 2018, Memo re Absence (SID 8).

13. April 18, 2019, Memo re Absence (SID 9).

14. April 3, 2017, Emails re Reporting (SID 10-11).

15. October 10, 2017, re Superuser (SID 12).

16. May 18, 2017, Email re Training (SID 13).

17. September 12, 2017, Emails re Xray (SID 14-18).

18. September 21, 2017, Email re Transfer (SID 19).

19. September 8, 2017, Email re Transfer (SID 20-23).

20. September 21, 2017, Email re Transfer (SID 24).

21. September 20, 2017, Email re Transfer (SID 25-28).

22. September 25, 2017, Email re Transfer (SID 60 - 61).

23. September 24, 2017, Email re Transfer (SID 62).

24. September 25, 2017, Email re Transfer (SID 63-69).

25. July 3, 2018, Email re Request to Move to B Yard (SID 70).

26. September 17, 2018, Email re Request to Move to B Yard (SID 71-72).

27. March 13, 2015, Email to Nguyen re Seniority (SID 73).

28. February 6, 2018, documents relating to Plaintiff's grievance (SID 101-111).

6

29.   March 3, 2018, Emails re serving letter of instruction (SID 112-113).

30.   September 22, 2017, Email re transfer (SID 114).

31.   September 8, 2017, Email re Wallace (SID 115).

32.   September 7, 2017, Email to Bozarth re Wallace (SID 116).

33.   September 6, 2018, Email to Milnes (SID 117-118).

34.   July 12, 2018, Email from Sidhu to Sidhu (SID 122).

35.   April 19, 2018, Memo re passwords (SID 123).

36.   CDCR Duty Statement – Dentist, Correctional Facility.

37.   CDCR Duty Statement – Supervising Dentist.

38.   CDCR EEO Manual.

39.   CDCR EEO Policies.

40.   Plaintiff's Training Records.

**X.   WITNESSES TESTIFYING REMOTELY**

The parties shall meet and confer regarding any witness who cannot appear in person and submit a stipulation if there is agreement or explanation of any dispute no later than **August 8, 2022**.

**XI.   STIPULATIONS**

A.  Plaintiff's Proposed Stipulations: None.

B.  Defendant's Proposed Stipulations: None.

**XII.   SETTLEMENT NEGOTIATIONS**

The parties are directed to participate in a settlement conference with a United States Magistrate Judge. The parties shall meet and confer regarding their availability for a settlement conference and, no later than **March 18, 2022**, shall jointly email Courtroom Deputy Michelle Rooney (mrooney@caed.uscourts.gov) with proposed dates.

**XIII.   AGREED STATEMENTS**

The parties will prepare a proposed neutral statement for purposes of impaneling a jury.

**XIV.   ATTORNEY FEES**

Plaintiffs request attorney fees pursuant to 42 U.S.C. 1988 and FEHA.

\\\

7

## XV.    **MISCELLANEOUS**

Counsel for the parties have agreed to provide the other with 24 hours advance notification of the identities of those witnesses they intend to call.

## XVI.    **FURTHER TRIAL PREPARATION**

### A.  Motions In Limine Hearing and Briefing Schedule

The parties anticipate filing pretrial motions. The Court orders the parties' counsel to meet and confer on anticipated motions in limine and to distill evidentiary issues. This Court further orders the parties to file motions in limine as to only important, critical matters, keeping in mind that most evidentiary issues can be resolved easily with a conference among the Court and counsel. If this Court surmises that the parties have filed motions in limine without meaningful, genuine meeting and conferring, this Court will strike the motions in limine and not hear them.

The parties, after meaningful and genuine meet and confer efforts, shall file and serve their truly disputed motions in limine no later than **July 25, 2022**. Any response to motions in limine shall be filed no later than **August 1, 2022**. Any reply in support of a motion in limine shall be filed no later than **August 8, 2022**. The Court will conduct a hearing on the motions in limine on **August 22, 2022, at 2:00 PM**, in Courtroom 10 (EPG), unless this Court decides to rule on the motions in limine on the record. The Court grants telephonic appearances, with each party wishing to so appear directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453.

Moving and opposition papers must be brief, succinct, and well-organized. The Court encourages each party to consolidate their respective motions in limine in a single document, organized by number, and to file oppositions in a single document responding to the numbered issues under the same corresponding headers. For example, if a defendant has five evidentiary issues, it would file one motion that has five headers: Motion in limine No. 1; Motion in limine No. 2, and so on; and, in response, plaintiff would file one opposition document organized in the same way. Said another way, in order to maintain a well-organized docket in preparation for trial, the Court discourages parties from filing multiple motions in limine in a string of separate docket entries.

\\\

\\\

### B.  Proposed Jury Instructions and Verdict Forms

The parties shall serve their proposed jury instructions and verdict forms on one another no later than **August 1, 2022**. The parties shall conduct a conference to address their proposed jury instructions and verdict forms no later than **August 8, 2022**. At the conference, the parties shall reach agreement on jury instructions and a verdict form for use at trial. The parties, no later than **August 8, 2022**, shall file and serve all agreed-on jury instructions and an agreed-on verdict form and identify such as the agreed-on jury instructions and verdict form.

No later than **August 8, 2022**, Plaintiff and Defendant may jointly file and serve proposed jury instructions and identify those jury instructions that are agreed upon by the parties and those that are disputed by either party.

This Court expects and specifically orders the parties to file an agreed-on verdict form no later than **August 8, 2022**. If a party seeks additions to an agreed-on verdict form, that party may file and serve, no later than **August 8, 2022**, a proposed verdict form which includes the agreed-on portions and the additions which are clearly indicated on that party's proposed verdict form. This Court will strike and will not accept separately proposed verdict forms upon which the parties do not agree.

All jury instructions SHALL indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

All jury instructions and verdict forms SHALL be e-mailed as a Microsoft Word attachment to epgorders@caed.uscourts.gov no later than **August 8, 2022**. Jury instructions and verdict forms will not be given or used unless they are so e-mailed to the Court. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject

of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will conduct a hearing on jury instructions, the verdict form, and any other outstanding pretrial issues on **August 22, 2022, at 2:00 PM**, in Courtroom 10 (EPG).

### C.  Agreed Summary of the Case

The parties shall serve and file, no later than **August 8, 2022**, a joint or individual non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection. The Court will consider the parties' statements but may draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of **August 23, 2022**. The contents of the summary shall not be deemed to be evidence or an admission or stipulation by any party as to any contested fact or issue.

### D.  Voir Dire

The Court will conduct a brief voir dire examination of the prospective jurors, after which Counsel will be given an opportunity to conduct brief voir dire examination. To aid the Court in conducting voir dire, counsel should lodge with the Court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call. The purpose of the list is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

### E.  Stipulations to be Read to Jury

The parties are directed to file, no later **August 8, 2022**, any stipulations that are to be read to the jury.

\\\

10

### F.  Trial Exhibits

#### 1. Duty of Counsel to Pre-Mark Exhibits

No later than **August 1, 2022**, the parties shall exchange their proposed exhibits to the extent they have not already done so. The parties' counsel shall meet and conduct an exhibit conference no later than **August 8, 2022**, to pre-mark and examine trial exhibits and to prepare exhibit lists, to the extent they have not already done so.

All of Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). All of Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX 201, etc.)

#### 2. Submission of Trial Exhibits

The original and three copies of all trial exhibits along with exhibit lists shall be submitted to the Courtroom Deputy no later than **August 19, 2022**, in binders as described below. The parties' counsel should note that, pursuant to Local Rule 281(b)(11), only those exhibits listed in the parties' pretrial statement will be permitted to be offered into evidence. Therefore, any exhibits submitted which are not listed in the pretrial statement will not be admitted without a showing of good cause or the parties' stipulation.

Counsel shall create seven (7) complete, legible sets of exhibits in binders as follows:

> (1)    Four sets of binders to be delivered to the Courtroom Deputy on **August 19, 2022**, for the Court's use; and,
>
> (2)    One set for each party's counsel's use.

If the parties desire, they may have an additional set of binders to be used for the purpose of questioning witnesses. All copies submitted to the Court must be legible.

#### 3. Exhibit Lists

No later than **August 8, 2022**, the parties shall file and serve their final lists of respective pre-marked exhibits. Only those exhibits that are identified in the parties' joint pretrial statement may appear on the final exhibit list. Further, no exhibit, other than those listed in the final exhibit list, may be admitted at trial unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e).

1

*4. Objections*

2

This Court will address objections to exhibits as they arise during trial.

3

*5. Post-Trial Exhibit Retention*

4

Counsel who introduced exhibits at trial shall retrieve the original exhibits from the Courtroom

5

Deputy following the verdict in the case. The parties' counsel shall retain possession of and keep safe

6

all exhibits until final judgment and all appeals are exhausted.

7

*6. Discovery Documents*

8

The parties shall file a final list of all discovery documents the party intends to use at trial,

9

indicating whether each discovery document has previously been lodged with the Clerk. If the

10

discovery document has not been previously lodged, the party shall so lodge the document with the

11

Courtroom Deputy by **August 15, 2022**.

12

*7. Deposition Testimony*

13

Deposition testimony shall be designated by page and line number, with such designation to be

14

filed and served no later than **August 1, 2022**. Any counter-designation as to the same deposition (also

15

set out by page and line number) shall be filed and served no later than **August 8, 2022**. The original

16

certified transcript of any deposition identified in a designation or counter-designation shall be lodged

17

with the Courtroom Deputy no later than **August 15, 2022**.

18

**G.  Use of Video and Computers**

19

Any party wishing to use a videotape or DVD for any purpose during trial shall lodge a copy of

20

the video with the Courtroom Deputy no later than **August 8, 2022**. If a written transcript of audible

21

words on the tape or DVD is available, the Court requests that the transcript be lodged with the Court,

22

solely for the aid of the Court.

23

If any party intends to use a laptop computer for presentation of evidence or intends to use any

24

other audio/visual equipment belonging to the Court, that party shall contact the Courtroom Deputy no

25

later than **August 15, 2022**, so that any necessary arrangements and/or training may be scheduled.

26

\\\

27

\\\

28

\\\

### H. Order of Witnesses

To make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call twenty-four (24) hours prior to calling that witness.

### XVII.  OBJECTIONS TO PRETRIAL ORDER

Any party may, within **ten (10) calendar days** after the date of this Order, file and serve written objections to any of the provisions of this Order. Such objections shall specify the requested modifications, corrections, additions, or deletions.

### XVIII. RULES OF CONDUCT DURING TRIAL

A. All participants in the trial shall conduct themselves in a civil manner.

B.  Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to jurors, such as the lobby, the elevators, the hallways, and the cafeteria.

C. Counsel may use visual aids in presenting opening and closing statements. Any visual aids shall be shown to opposing counsel before the respective statement is made.

D. Counsel shall have his or her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

E. At the close of each trial day, counsel shall disclose his or her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

F. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

### XIX.   COMPLIANCE WITH THIS ORDER

Compliance with this order and its requirements is mandatory. This Court will strictly enforce the requirements of this pretrial order, especially those pertaining to motions in limine, jury instructions and a verdict form. Counsel and parties are subject to sanctions for failure to fully comply

13

with this order and its requirements. This Court will modify this order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

IT IS SO ORDERED.

Dated:   __March 11, 2022__                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE